138

## WILLIAMS v. NEW JERSEY–NEW YORK TRANSIT CO.

District Court, S. D. New York.
Jan. 3, 1940.

Frank Case Hayden, of New York City, for plaintiff.

Kaye, Scholer, Fierman & Hays, of New York City (Milton Kunen, of New York City, of counsel), for defendant.

HULBERT, District Judge.

This action is to recover damages for injuries alleged to have been sustained by the plaintiff while a passenger in a bus operated by the defendant.

Plaintiff claims she was struck on the head by a brief case which fell through the baggage rack of said bus.

Defendant applies for an order directing the plaintiff to submit to a general physical and mental examination by Dr. Laurent Feinier, a neurologist.

Plaintiff does not object to the examination but requests the court to impose two conditions.

1. That plaintiff's attorney be furnished with a copy of the testimony given by Dr.

Feinier, which was consented to by defendant's counsel on the argument of the motion.

2. Plaintiff previously served notice of the taking of the deposition of Henry P. Goldstein, resident agent of the defendant or manager of the claims department and called for the production for examination of reports theretofore made by Dr. H. G. Rose and Dr. Harry V. Spaulding.

The defendant, pursuant to subdivision (b) of Rule 30, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, applied for an order vacating said notice, and the endorsement made upon the motion papers by the judge who heard that motion reads: "Granted as indicated." (Presumably, orally). No order has been entered.

Counsel for the plaintiff now requests that the defendant produce for his inspection, or furnish him with a copy of the reports of Drs. Rose and Spaulding. If, as the defendant's counsel asserts, that relief was previously denied by one of my colleagues, it is the law of the case so far as I am concerned and that condition will not be imposed.

Settle order on notice unless consented to as to form.